*1126 OPINION.
Ivins:
Our determinations of the questions of fact relative to depreciation and the amount of invested capital dispose of several of the questions presented in this appeal.
There was a conflict in the testimony relative to what the taxpayer’s books disclosed as to depreciation actually taken. The books were not presented in evidence but resort was had to secondary evidence in the form of tabulations submitted by the taxpayer. On the basis of such a tabulation furnished by the taxpayer to the Commissioner in 1921, the Commissioner made his determination. That tabulation purported to represent the taxpayer’s books. A different tabulation was presented at the hearing. We are not convinced that the 1921 tabulation contained error, and so approve the Commissioner’s action in that respect.
The main question relates to the time when interest accrued on the taxpayer’s series B bonds. By force of the provisions of the in *1127 denture, the bonds and the coupons, interest became due on November 10 and May 10 of each year. The taxpayer had the option of deferring payment until the maturity date of the bonds. That right did not give the directors power to make interest due at such time as they saw fit.
Interest is an accrued expense, ratably over an elapsed period of time. Appeal of Chatham & Phenix National Bank, 1 B. T. A. 460. The taxpayer recognized that in at least two ways; the vote of the directors of June 9, 1917, referred to “Amount due Nov. 10, 1906,” etc. The indenture and the bonds themselves contained the provision that, if interest payments were deferred, no interest upon the interest would accrue. Clearly, the taxpayer understood and intended to have all interest due and owing as of the respective coupon dates. The payment only was deferred. Appeal of Tel-Electric Co., 1 B. T. A. 434; Appeal of North Wayne Tool Co., 2 B. T. A. 366; Appeal of McIntosh & Seymour Corporation, 2 B. T. A. 953.
Accordingly, it follows, that the Commissioner’s computation of the taxpayer’s income and invested capital was correct, and the determination of deficiency is approved.